UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

NABOR REYES-RODRIGUEZ,

Petitioner,

v.

TERRY ROYAL, *et al.*,

Respondents.

Case No. 3:25-cv-00184-MMD-CLB

ORDER

Petitioner Nabor Reyes-Rodriguez, a *pro se* Nevada prisoner, commenced this habeas action by filing a Petition for Writ of Habeas Corpus. (ECF Nos. 1-1, 5.) This habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases.[1]

Under Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

Petitioner challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County. *See State of Nevada v. Reyes-Rodriguez*, Case No. C-19-340666-1.[2] On June 14, 2022, the state court entered a judgment of conviction for two

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[2] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. The docket records may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and at: http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

counts of lewdness with a child under the age of fourteen. The state court sentenced Reyes-Rodriguez to two terms of life with the possibility of parole after 10 years to run concurrently. The Nevada Supreme Court affirmed the conviction. Reyes-Rodriguez did not file a state habeas petition.

On April 8, 2025, Petitioner mailed or handed to a correctional officer for the purpose of filing his federal petition for writ of habeas corpus. (ECF No. 1-1.) The Court instructed him to resolve the filing fee, and he timely complied. (ECF Nos. 3, 4.) Reyes-Rodriguez has attached his opening brief on direct appeal as well as the state appellate court's order of affirmance. He asserts that he "selectively incorporates" the opening brief. In addition, he asserts five separate grounds for relief that are primarily written in Spanish by his cellmate who no longer lives with him.

In addition, Reyes-Rodriguez refers to a motion for appointment of counsel. He, however, has not filed a motion for appointment of counsel in this matter. There is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *See Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007)). However, an indigent petitioner may request appointed counsel to pursue such relief. *See* 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *See id.* (authorizing appointment of counsel "when the interests of justice so require"). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process and where the petitioner is so uneducated that he or she is incapable of fairly presenting his or her claims. *See La Mere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

The Court, nonetheless, finds that appointment of counsel in this case is in the interests of justice. Reyes-Rodriguez is serving a lengthy sentence. In addition, his petition may raise relatively complex issues, and it is unclear whether he will be able to adequately articulate his claims in proper person considering his limited understanding of the English language. Therefore, Reyes-Rodriguez's request for the appointment of counsel is

granted.

It is further ordered that the Federal Public Defender is provisionally appointed as counsel and will have 30 days to undertake direct representation of Petitioner or to indicate the Office's inability to represent Petitioner in these proceedings. If the Federal Public Defender is unable to represent Petitioner, the Court will appoint alternate counsel. The counsel appointed will represent Petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates a deadline of approximately 90 days from entry of the formal order of appointment.

It is further ordered that any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

The Clerk of Court is directed to add Nevada Attorney General Aaron D. Ford as counsel for Respondents and to provide Respondents with an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the Office of the Attorney General only. Respondents' counsel must enter a notice of appearance within 21 days of entry of this order, but no further response will be required from Respondents until further order of the Court.

///
///
///
///

3

1    The Clerk of Court is further directed to send a copy of this order to the *pro se*
2 Petitioner, the Nevada Attorney General, the Federal Public Defender, and the CJA
3 Coordinator for this division.

4    DATED THIS 14th Day of May 2025.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE