UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

NABOR REYES-RODRIGUEZ,

Petitioner,

v.

TERRY ROYAL, *et al.*,

Respondents.

Case No. 3:25-cv-00184-MMD-CLB

ORDER

Following the Notice of Appearance (ECF No. 8) by the Federal Public Defender on behalf of Petitioner Nabor Reyes-Rodriguez, a pro se Nevada prisoner, Reyes-Rodriguez moves for leave to file his Amended Petition for Writ of Habeas Corpus (ECF No. 9 ("Amended Petition")) and for a scheduling order (ECF No. 10).

Reyes-Rodriguez tentatively calculated the federal statute of limitations under 28 U.S.C. § 2244(d) and, because the limitations period may expire on or about June 24, 2025, he requests leave to file his Amended Petition as a protective petition. Reyes-Rodriguez further requests issuance of a scheduling order that provides for the opportunity to file a second amended petition that reflects his counsel's thorough review, research, and investigation. The respondents do not oppose the motions. (ECF No. 11.)

The motions essentially seek to pursue a "two-step" procedure whereby Reyes-Rodriguez: (a) files an initial counseled amended petition preserving all then-known claims potentially free of possible relation-back or timing issues; and (b) thereafter potentially files a second amended petition after federal habeas counsel has had a full opportunity to independently investigate all potential claims. *See, e.g.*, *McMahon v. Neven*, No. 2:14-cv-00076-APG-CWH, ECF No. 29 (D. Nev. May 29, 2014) (explaining the Court's rationale in allowing a bifurcated amendment procedure in habeas cases where the limitation period potentially may expire before federal habeas counsel would

be able to conduct a complete investigation); *see also Xiao Ye Bai v. Nevada*, 2021 WL 246110, at *1 (D. Nev. Jan. 25, 2021). The Court finds that Reyes-Rodriguez has shown good cause to utilize the two-step procedure and, therefore, grants his motions. Accordingly, it is hereby ordered:

1. Petitioner Nabor Reyes-Rodriguez's Motion for Leave to File Document (ECF No. 9) is granted.

2. The Clerk of the Court is directed to file Reyes-Rodriguez's Amended Petition (ECF No. 9-1) and the attached Exhibits and Index of Exhibits (ECF Nos. 9-2, 9-3, 9-4, 9-5, 9-6, 9-7, 9-8, 9-9) on the docket.

3. Reyes-Rodriguez's Motion for Scheduling Order (ECF No. 10) is granted.

4. The Federal Public Defender, through Jonathan M. Kirshbaum, Esq., is appointed as counsel for Petitioner under 18 U.S.C. § 3006A(a)(2)(B). Counsel will represent Petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.

5. Petitioner will have until September 23, 2025 to file a second amended petition and/or seek other appropriate relief. This deadline and any extension thereof may not be construed as implied findings regarding the federal limitation period or a basis for tolling. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely asserting claims without regard to any court-ordered deadlines or extensions. Thus, a petition or amended petition filed within a court-ordered deadline may still be dismissed as untimely if it violates the statute of limitations. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

6. Respondents must file a response to the second amended petition, including, potentially by motion to dismiss, within 60 days of service of an second amended petition. Petitioner may file a reply within 30 days of service of the answer. However, Local Rule LR 7-2(b) governs the response and reply time to any motion filed by either party, including motions filed in lieu of a pleading.

7. Any procedural defenses Respondents raise to the counseled amended petition

must be raised together in a single, consolidated motion to dismiss. Successive motions to dismiss will not be entertained, and any procedural defenses omitted from the consolidated motion to dismiss will be waived. Respondents may not file a response that consolidates their procedural defenses, if any, with their response on the merits. But, arguments that an unexhausted claim clearly lacks merit may be included in a procedural-defense response. If Respondents seek dismissal of unexhausted claims under 28 U.S.C. § 2254(b)(2), they must: (1) do so in a single motion to dismiss, not in the answer; and (2) specifically direct their argument to the standard for dismissal under § 2254(b)(2) as set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, may be included with the merits in an answer. All procedural defenses, including exhaustion, must be raised in a single motion to dismiss.

8. In any answer filed on the merits, Respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

9. Respondents must file the state court exhibits relevant to their response in chronological order.

10. All state court records and related exhibits must be filed in accordance with LR IA 10-3 and LR IC 2-2 and must include a separate index identifying each exhibit by number or letter. The index must be filed in CM/ECF's document upload screen as the base document to receive the base docket number (*e.g.*, ECF No. 10). Each exhibit must then be filed as "attachments" to the base document to receive a sequenced sub-docket number (*e.g.*, Exhibit A (ECF No. 10-1), Exhibit B (ECF No. 10-2), Exhibit C (ECF No. 10-3)). If the exhibits will span more than one filing, the base document in each successive filing must be either a copy of the index or volume cover page. *See* LR IC 2-2(a)(3)(A).

11. Notwithstanding LR IC 2-2(g), paper copies of any electronically filed exhibits need

not be provided to chambers or to the staff attorney unless later directed by the Court.

DATED THIS 26th Day of June 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE